1 | **AKIN GUMP STRAUSS HAUER & FELD LLP**
NEAL ROSS MARDER (SBN 126879)
2 | JOSHUA A. RUBIN (SBN 308421)
1999 Avenue of the Stars, Suite 600
3 | Los Angeles, CA 90067-6022
Telephone: 310.229.1000
4 | Facsimile: 310.229.1001

5 | **AKIN GUMP STRAUSS HAUER & FELD LLP**
HYONGSOON KIM (SBN 257019)
6 | 4 Park Plaza, Suite 1900
Irvine, CA 92614-2585
7 | Telephone: 949.885.4100
Facsimile: 949.885.4101

8 |
9 | Attorneys for Defendant SONOS, INC.

10 | UNITED STATES DISTRICT COURT
11 | CENTRAL DISTRICT OF CALIFORNIA
12 |

| | |
|---|---|
| 13  MATTHEW STEINER, individually, and on behalf of all others similarly situated, | Case No. 2:19-cv-6289 |
| 14 | **CLASS ACTION** |
| 15  Plaintiffs, | **DEFENDANT SONOS, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332(d)(2), 1441, 1446, AND 1453** |
| 16  v. | |
| 17  SONOS, INC., and DOES 1-10, inclusive, | |
| 18 | [Declaration of Neal R. Marder, Request for Judicial Notice, Civil Cover Sheet, Certification and Notice of Interested Parties, Notice of Related Case, and Notice of Pendency of Other Actions filed concurrently] |
| 19  Defendant. | |
| 20 | |
| 21 | |
| 22 | *(Superior Court of California, Los Angeles County, Case No. 19STCV21795 – Assigned to Hon. Maren Nelson)* |
| 23 | |
| 24 | Date Action Filed: June 21, 2019 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Sonos, Inc. ("Sonos") hereby removes to this Court the state action *Steiner v. Sonos, Inc.*, Case No. 19STCV21795 currently pending in Superior Court, County of Los Angeles, pursuant to 28 U.S.C. §§ 1331, 1332(d)(2), 1367, 1441, 1446, and 1453. In support thereof, Sonos states as follows:

## BACKGROUND

1. On May 30, 2019, Plaintiff Matthew Steiner ("Plaintiff" or "Steiner") filed a putative class action in this Court against Sonos, captioned *Steiner v. Sonos, Inc.*, Case No. 2:19-cv-04719 ("*Steiner I*"). *Steiner I* alleged that Sonos intentionally caused thousands of its CR100 controllers to fail by implementing a software update on those controllers in 2018. Plaintiff brought *Steiner I* on behalf of a putative class defined as "[a]ll consumers who purchased, or otherwise own, a Sonos CR100 Controller." *Steiner I*, Dkt. 1 ¶ 29; *see also* Request for Judicial Notice Ex. A (*Steiner I* Complaint). *Steiner I* asserted six causes of action against Sonos: (1) violation of the Unfair Business Practices Act, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (2) violation of California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; (3) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq.*; (4) violation of the California Computer Crime Law, Cal. Penal Code § 502; (5) trespass to chattels; and (6) conversion. *Steiner I*, Dkt. 1.

2. In the *Steiner I* complaint, Plaintiff alleged that this Court "has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) at least one member of the Class is a citizen of a state different from Sonos, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (c) the Class includes more than 100 members, and (d) none of the exceptions under the subsection apply to this action." *Steiner I*, Dkt. 1 ¶ 4.

3. On June 5, 2019, *Steiner I* was assigned to District Court Judge Percy Anderson. *Steiner I*, Dkt. 7. Later that same day, Plaintiff dismissed *Steiner I* without prejudice. *Id.* Dkt. 10.

4. On June 21, 2019, Plaintiff filed this putative class action in Los Angeles Superior Court, *Steiner v. Sonos, Inc.*, Case No. 19STCV21795 ("*Steiner II*"). *Steiner II* made substantially identical factual allegations against Sonos as *Steiner I*, and was brought on behalf of an identically defined class. Specifically, both *Steiner I* and *Steiner II* alleged that Sonos "implement[ed] a software update [for] CR100 Controllers" that caused the controllers to "fail," and that Sonos did so "as a means of gaining an advantage over its competition in the market by rendering the devices inoperable and forcing consumers to purchase replacement devices." *Steiner I*, Dkt. 1 ¶ 1; *Steiner II* Complaint ¶ 1. In fact, the *Steiner II* complaint largely copied and pasted the factual allegations of *Steiner I*. Compare *Steiner I*, Dkt. 1 ¶¶ 1-3, 6-11, 13-28, *with Steiner II* Complaint ¶¶ 1-3, 7-28. The *Steiner II* complaint asserted the same six causes of action as *Steiner I*, including a claim under the federal CFAA. *Steiner II* Complaint ¶¶ 52-116.

5. On June 25, 2019, Sonos was served with the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, and certain other court forms pertaining to *Steiner II*. Declaration of Neal Marder ("Marder Decl.") ¶ 3. There have been no further proceedings in this action and no other pleadings have been filed and served upon or by Sonos in this action. *Id*.

6. This Notice of Removal is filed within thirty (30) days of the completion of service, and is therefore timely. *See* 28 U.S.C. § 1446(b).

**FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331**

7. Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." This Court has original jurisdiction over *Steiner II* because the case "arises under the . . . laws . . . of the United States," specifically the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

8. This Court may exercise supplemental jurisdiction over the state law causes of action alleged in *Steiner II* pursuant to 28 U.S.C. § 1367(a). The state law claims constitute the same "case or controversy" as the claim brought under the CFAA. In support of his CFAA claim, Plaintiff alleges that "[b]y implementing its software, Sonos intentionally accessed [CR100 controllers] without authorization, and as a result of that conduct, caused or recklessly caused damage or loss to those [devices]." *Steiner II*, Dkt. 1 ¶ 89. This same allegation, or similar allegations, forms the basis of Plaintiff's state law claims as well. *See, e.g.*, *id.* ¶ 56 (UCL claim premised on allegation that Sonos "forcibly modif[ied] Plaintiff's and Class members' devices"); *id.* ¶ 98 (California Penal Code § 502 claim premised on allegation that "Sonos implemented this software update knowingly and without permission from Plaintiff and Class members"); *id.* ¶¶ 108, 114 (trespass and conversion claims premised on allegations that Sonos wrongfully "interfered with" and "exercised dominion and control over" CR100 controllers). Because all of the claims relate to the allegation that Sonos intentionally caused thousands of CR100 controllers to fail by implementing a software update on those controllers in 2018, the federal and state claims share a common nucleus of operative facts.

**DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

9. In addition to this Court having jurisdiction based on the fact that this action arises under federal law, the Court also has jurisdiction on account of diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

10. Under CAFA, this Court has original jurisdiction over a putative class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest). *See* U.S.C. §§ 1332(d)(2), (d)(5), and (d)(6). These requirements are satisfied here.

11. <u>Class Size.</u> Without conceding that Plaintiff can certify a class of any size or that he can properly represent the putative class, Sonos avers, for purpose of this

Notice only, that the putative class size exceeds 100 class members. Plaintiff in *Steiner II* seeks to represent a class of "[a]ll consumers who purchased, or otherwise own, a Sonos CR100 Controller." According to Plaintiff's allegations in both *Steiner I* and *Steiner II*, the putative class exceeds 100 members because the number of sales of Sonos CR100 controllers allegedly far exceeded that number. Plaintiff alleges in both of his complaints that "the proposed class is composed of thousands of persons." *Steiner I*, Dkt. 1 ¶ 34; *Steiner II* Complaint ¶ 33.

12. <u>Diversity of Citizenship.</u> "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). Minimal diversity exists if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

13. Sonos is a citizen of Delaware and California. "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Sonos is organized and incorporated under the state of Delaware, and has its principal place of business in California. *Steiner II* Complaint ¶¶ 5, 8; Request for Judicial Notice Ex. B.

14. At least one putative class member is a citizen of a state other than California or Delaware. Plaintiff alleges that Sonos CR100 controllers were sold all over the country, and are currently owned by some individuals in states other than California and Delaware. *See Steiner II* Complaint ¶¶ 1, 21 (alleging that CR100 controllers "across the country" and "throughout the United States" were affected).

15. Accordingly, minimal diversity exists because Sonos is a citizen of Delaware and California, and at least one class member is a citizen of a state other than Delaware or California.

16. <u>Amount in Controversy.</u> Without conceding that Plaintiff can prove his claims or that he can properly represent the putative class, Sonos avers, for purpose of this Notice only, that Plaintiff's claims place more than $5 million in controversy. "The amount in controversy is simply an estimate of the total amount in dispute, not a

prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (on removal, defendant does not "concede liability for the entire amount" alleged in complaint). As the U.S. Supreme Court has held, a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 549, 554 (2014). Moreover, the Ninth Circuit has instructed that removal is proper if, from the allegations of the complaint and the notice of removal, it is more likely than not that the amount in controversy exceeds $5 million. *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning previous Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" under some circumstances). This standard is satisfied here, and the amount in controversy exceeds $5 million.

17. As an initial matter, Plaintiff acknowledged in his complaint in *Steiner I* that "the amount in controversy exceeds $5,000,000, exclusive of interest and costs." *Steiner I*, Dkt. 1 ¶ 4. A statement made in an earlier pleading is admissible evidence as an admission by an opposing party. *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996).

18. On behalf of a putative class, Plaintiff seeks to recover, among other things: (1) restitution or actual damages to Plaintiff and class members; (2) trebled damages; (3) punitive damages; and (4) injunctive and declaratory relief. *Steiner II* Complaint ¶¶ 117-124. Plaintiff alleges that as a result of Sonos's intentional conduct, "thousands of [Sonos controllers] throughout the United States simultaneously failed." *Id.* ¶ 21. Plaintiff alleges that Sonos "wrongfully and intentionally interfered with Plaintiff's and Class members' ownership, possession, and use of their [controllers], by programming, distributing, and remotely activating a software update that disabled [the controllers] and rendered [them] unusable." *Id.* ¶ 108. Plaintiff also alleges that "[t]he purpose of Sonos' update was to . . . induce more consumers to buy newer and higher-priced Sonos products. *Id.* ¶ 26.

19. Even putting aside Plaintiff's *admission* that the amount in controversy exceeds $5 million, the above allegations demonstrate that the amount in controversy standard is met. When considering that Plaintiff also asserts claims for his attorneys' fees under the CLRA, punitive damages, and injunctive relief, it is even more apparent that Plaintiff's claims in this case place more than $5 million in controversy. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (court must include attorneys' fees recoverable by statute or contract when assessing whether amount-in-controversy requirement under CAFA is met). Accordingly, the amount in controversy requirement is satisfied. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007) (remand denied under preponderance of the evidence standard where defendant's conservative estimates exceeded the requisite amount).

20. There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or that would require it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

## VENUE

21. The United States District Court for the Central District of California is the judicial district embracing the place where this action was filed by Plaintiff and thus is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

## CONCLUSION

WHEREFORE, Sonos requests that the above action now pending against it in the Superior Court, County of Los Angeles, be removed to this Court.

Dated: July 22, 2019

**AKIN GUMP STRAUSS HAUER & FELD LLP**
NEAL ROSS MARDER
HYONGSOON KIM
JOSHUA A. RUBIN

By  /s/ Neal R. Marder
　　　Neal R. Marder
Attorneys for Defendant SONOS, INC.

6
DEFENDANT SONOS, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332(d)(2), 1441, 1446, AND 1453